﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190823-23521
DATE: March 31, 2020

ORDER

For the initial rating period from June 27, 2014, a higher 50 percent (maximum) rating for tension headaches is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, for the initial rating period from June 27, 2014, the tension headaches have more nearly approximated very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability.

CONCLUSION OF LAW

For the initial rating period from June 27, 2014, the criteria for a higher 50 percent (maximum) rating for tension headaches have been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.3, 4.7, 4.124a, Diagnostic Code 8100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran, who is the Appellant, served on active duty from August 1984 to June 1987, and from August 1987 to June 1991.

A March 2018 rating decision from the Regional Office (RO) granted service connection for tension headaches, assigning a 0 percent initial disability rating effective June 24, 2014. Following a timely Notice of Disagreement (NOD) with the initial rating assigned for tension headaches, the RO continued to deny a compensable initial disability rating for tension headaches in July 2019 statement of the case (SOC). In August 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

Rating Tension Headaches from June 27, 2014

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) found in 38 C.F.R. Part 4. 38 U.S.C. § 1155. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21.

Where there is a question as to which of two disability ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. It is the defined and consistently applied policy of VA to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

The Veteran has appealed from the initial rating assigned for headaches. In an appeal for a higher initial rating after a grant of service connection, all evidence submitted in support of a veteran’s claim is to be considered. Separate ratings may be assigned for separate periods of time based on the facts found, a practice known as “staged” ratings. 38 C.F.R. § 4.2; Fenderson v. West, 12 Vet. App. 119, 125-26 (1999). The Board does not find staged ratings to be appropriate in this appeal.

The service-connected tension headaches are assigned a 0 percent rating from June 27, 2014 under Diagnostic Code 8100. 38 C.F.R. § 4.124a. The Veteran contends that a higher 50 percent rating is warranted, as the tension headaches have manifested as very frequent prostrating and prolonged attacks that are productive of severe economic inadaptability. See August 2019 NOD. 

Migraine headaches are rated under 38 C.F.R. § 4.124a, Diagnostic Code 8100, which provides a 0 percent rating with evidence of less frequent attacks. A 10 percent rating is warranted for prostrating attacks averaging one in two months over the last several months. A 30 percent rating is warranted for migraine headaches with characteristic prostrating attacks occurring on an average once a month over the last several months. A 50 percent rating is warranted for migraine headaches with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability. 

After reviewing all the lay and medical evidence, the Board finds that, for the entire initial rating period from June 27, 2014, the service-connected tension headaches have more nearly approximated the criteria for a higher (maximum) 50 percent rating, that is, very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability.

By way of history, the evidence of record reflects that the Veteran has a history of tension headaches that began during service. In August 2002, the Veteran endorsed almost daily headaches, that were not being treated with any medications. In 2011, the Veteran endorsed headaches on a daily basis located on the right side of the head or bicipital region with associated with associated head pressure and blurred vision during headaches. The primary care physician diagnosed mixed tension and migraine headaches and noted that headaches were problematic enough that the Veteran was unable to work. The Veteran was started on medications, including Naproxen and Fioricet in 2011, which appeared to be beneficial initially. See April 2002, August 2002, February 2011, September 2011, June 2012, March 2013 VA treatment records. However, the evidence of record indicates diminished efficacy of medications in subsequent years. 

Treatment records dated April to September 2014 reflect that the Veteran endorsed chronic daily headaches that never go away, that reach a pain level of 10 with throbbing pain and associated nausea at times, for which the medications were not effective. Headaches were also exacerbated by loud noise. See April 2014, September 2014 VA treatment records. Treatment notes dated from 2016 to 2018, reflect continued reports of headaches all the time, that did not improve despite having his medications adjusted. See May 2016, December 2017, June 2018 VA treatment records. 

The Veteran was provided VA examinations in July 2015 and January 2018. Diagnosis was tension and migraine headaches. The endorsed headaches all the time despite continued medication management. The headaches were characterized by constant and throbbing head pain localized to one or both sides of the head with associated visual changes and sensitivity to light and sound. The migraine headaches lasted 2-3 hours and tension headaches lasted more than 2 days. Although the VA examiners assessed no evidence of prostrating attacks, the examiners noted that that functionally, the Veteran felt like he could not do anything at all during headaches, as he reported blurred vision and dizziness with the onset of headaches that impacted his ability to focus, concentrate, or perform activities of daily living. See July 2015, January 2018 VA examination reports. 

During a June 2019 evaluation, the Veteran reported headaches three to four times a week that were prostrating in nature and minimally responsive to over the counter or pharmacological medications. Upon review of the medical records and interview of the Veteran, Dr. Cesta opined that the Veteran suffered from prostrating migraines that would render him unable to work during headaches due to severe pain, loss of focus and concentration, and inability to engage in task-oriented activities. See June 2019 private treatment record.

Overall the credible lay and medical evidence of record indicates that the Veteran has a longitudinal history of mixed tension and migraine headaches on an almost daily basis that cause severe head pain with associated visual changes, nausea, dizziness, sensitivity to sound and light, that last anywhere from two to three hours to two days at a time, and which treating and examining physicians have described as significantly restricting his ability to focus and concentrate, perform task-oriented activities, and work during headaches. 

Resolving reasonable doubt in the Veteran’s favor, the Board finds that the tension headaches have more nearly approximated very frequent prostrating and prolonged attacks productive of severe economic inadaptability, so warranted a higher (maximum) 50 percent rating for the initial rating period from June 24, 2014. 38 C.F.R. §§ 4.3, 4.7, 4.124a, Diagnostic Code 8100.

 

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Moore

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.